

FILED
LODGED
RECEIVED

MAR 1 3 2002

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF SEATTLE
AT SEATTLE

JASMINE MARIE WELLS and
BRIAN WALTON,

    Plaintiffs,

v.

THE CITY OF SEATTLE,
a municipal corporation;
JOHN DOE, in his capacity as a
police officer for the City of Seattle,
and as an individual, and
RICHARD ROE, in his capacity as a
police officer for the City of Seattle,
and as an individual,

    Defendants

No **CV02 0601P**

COMPLAINT FOR DAMAGES

JURY DEMANDED

**ORIGINAL**

## I.   INTRODUCTION

This is a civil action seeking damages against the above-named defendants. The civil claims include common law tort causes of action, statutory causes of action, and offenses committed under color of law resulting in a deprivation of rights secured by the Constitution and laws of the United States of America

/ /



CV 02-0601  #1

COMPLAINT FOR DAMAGES - 1

THEODORE SPEARMAN, P.C.
Solarmarine Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington 98110
206-842-0566

## II. JURISDICTION AND VENUE

2.1  This Court has personal and subject matter jurisdiction over plaintiff's federal civil rights claims under Title 42, United States Code, §1983, and Title 28, United States Code, §§1331 and 1343(a)(3)

2.2  This court has pendent jurisdiction over plaintiff's state law claims and over defendants as to said claims, pursuant to Title 28, United States Code, §1367 (Judicial Improvements Act of 1990), Public Law No 101-650, 104 Stat 5089 (1990)

2.3  The acts and omissions complained of herein occurred in King County, Washington, and the defendants are residents and citizens of the State of Washington

2.4  Plaintiffs are residents and citizens of the state of Alaska.

2.5  Venue in this Court is proper pursuant to Title 38, United States Code, §1391

## III. PARTIES

3.1  Plaintiffs Jasmine Marie Wells and Brian Walton are citizens of the United States and citizens and residents of the state of Alaska.

3.2  Defendant City of Seattle is a municipal corporation organized under the laws of the State of Washington  Defendant City of Seattle is sued directly under 42 U.S.C. §1983 for the unconstitutional act, policies and practices and under the doctrine of *respondeat superior* as to the state law causes of action

3.3  Defendant City of Seattle includes, as one of its agencies, the Seattle Police Department.

3.4  At all times material to this complaint, police officer defendants John Doe and Richard Roe, whose identities are not known, were employed by defendant City of Seattle with other unknown officers  At all times material to this complaint, defendants John Doe and Richard Roe were agents and employees of defendant City of Seattle and were acting within the scope of their employment with the City of Seattle, under color of the laws of the State of Washington

3.5  Defendants John Doe and Richard Roe are sued in their individual capacity and official capacity as agents and/or employees of defendant City of Seattle.

/ /

COMPLAINT FOR DAMAGES - 2

## IV. FACTUAL ALLEGATIONS

4 1   Plaintiffs on November 27, 2000 flew to Seattle to engage in Christmas shopping and other reasons unrelated to the World Trade Organization (WTO) conference anniversary demonstrations  Prior to, and at the time of their arrival in Seattle, plaintiffs were unaware the WTO anniversary demonstrations were occurring.  Plaintiffs stayed in a motel away from downtown Seattle and did not come into the downtown area until the afternoon of November 30, 2000

4.2   On November 30, 2000 plaintiffs traveled by public transportation through the bus tunnel to the Westlake Mall at approximately 4 30 in the afternoon.  They went into the Westlake Mall and shopped for several hours, never venturing outside until later that evening, when they exited the Mall to go across Fifth Avenue to Nordstrom's department store to shop.  After shopping at Nordstrom's, they returned to the Westlake Mall until the Mall closed at 9 00 p.m.

4 3   At that time upon exiting the Mall, they saw what appeared to be a parade and lots of people in the street  They thought it was festive and walked to a coffee shop nearby and had coffee watching what was occurring on the street  At approximately 9 30 p m. they left the coffee shop  Upon exiting the commercial establishment, they saw large numbers of police officers north of them on Fourth Avenue, to the east of where they had exited and to the south.  As they walked on Fourth Avenue, they realized that large numbers of police officers were getting off of buses and began slamming their batons into their body armor

4 4   All of the police officers were closing in on the people caught in the middle and no one was allowed to exit the corralling that was occurring, although police were now, on loud speakers, telling the people to disperse, while they were making it impossible for the people to disperse

4.5   On November 30, 2000, defendant City sent officers of the Seattle police department, dressed in riot gear, to the Westlake Plaza area of Seattle  The officers were directed to arrest civilians in the Westlake Plaza area and did so without regard to whether they were demonstrators or innocent people

4.6   As plaintiff Jasmine Marie Wells was walking on Fourth Avenue to find a music club, defendant John Doe seized and handcuffed her and took her into custody  Plaintiff Brian Walton was arrested and handcuffed by defendant Richard Roe, who took him into custody at the same time

4.7   Plaintiffs were transported to the King County Jail and imprisoned there. Plaintiffs were released from the jail the next day only after they were able to post a bond.

4 8   Although lacking probable cause, the defendants charged plaintiffs with the criminal offenses of Pedestrian Interference in violation of RCW 12A.12.015 and Failure to Disperse in violation of RCW

THEODORE SPEARMAN, P.C.
Solarmarine Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington 98110
206-842-0566

COMPLAINT FOR DAMAGES - 3

12A 12 020 These charges remained in force jeopardizing plaintiffs' freedom until they were resolved in plaintiffs' favor on February 27, 2001

4.9 Defendant City of Seattle failed to properly supervise defendants John Doe and Richard Roe

4 10 Defendant City of Seattle failed to train defendants John Doe and Richard Roe not to arrest and detain individuals without probable cause

4 11 As a result of the acts and omissions of defendants, plaintiff Jasmine Marie Wells suffered personal injuries including, but not limited to, loss of liberty, pain and suffering, emotional distress, fear and other consequential damages.

4 12 As a result of the acts and omissions of defendants, plaintiff Brian Walton suffered personal injuries including, but not limited to, loss of liberty, emotional distress, fear and other consequential damages

4 13 Plaintiffs hereby waive the physician's-patient privilege ONLY to the extent required by RCW 5.60 060, as limited by the plaintiffs' constitutional rights of privacy, contractual rights of privacy, and the ethical obligations of physicians and attorneys not to engage in *ex-parte* contact between the treating physicians and the patients' legal adversaries

4 14 Regarding their state law claims, plaintiffs have complied with the applicable non-claim requirements of RCW 4 96 020

## V. FIRST CAUSE OF ACTION: VIOLATION OF THE FOURTH AMENDMENT PROHIBITION AGAINST UNREASONABLE SEIZURES

5 1 Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4.1 through 4 12.

5.2 The acts and omissions of defendants herein were performed under color of state law, custom or usage

5 3 Jasmine Marie Wells and Brian Walton were seized, for purposes of the Fourth Amendment to the United States Constitution, by the acts and omissions of defendants set forth herein

5 4 Jasmine Marie Wells and Brian Walton had a federally-protected right, under the Fourth Amendment, not to be subjected to an unreasonable seizure.

COMPLAINT FOR DAMAGES - 4

THEODORE SPEARMAN, P.C.
Solarmarine Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington 98110
206-842-0566

5.5 The acts and omissions of defendants herein proximately caused the deprivation of the Fourth Amendment rights of Jasmine Marie Wells and Brian Walton

5.6 As a proximate result of the acts and omissions of defendants and deprivation of plaintiff's Fourth Amendment rights, plaintiffs suffered personal injuries as set forth herein above

## VI. SECOND CAUSE OF ACTION: ARREST WITHOUT PROBABLE CAUSE IN VIOLATION OF THE FORTH AMENDMENT

6.1 Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4.1 through 4.12

6.2 The acts and omissions of defendants herein were performed under color of state law, custom or usage.

6.3 Jasmine Marie Wells and Brian Walton were arrested, for purposes of the Fourth Amendment, when they were seized, handcuffed and taken into custody

6.4 Jasmine Marie Wells and Brian Walton had a federally-protected right, under the Fourth Amendment, not to be arrested by defendants without probable cause.

6.5 The defendants lacked probable cause to arrest Jasmine Marie Wells and Brian Walton

6.6 The acts and omissions of defendants herein, and each of them, proximately caused the deprivation of Jasmine Marie Wells and Brian Walton's Fourth Amendment rights.

6.7 As a proximate result of the acts and omissions of defendants and deprivation of her Fourth Amendment rights, plaintiffs Jasmine Marie Wells and Brian Walton suffered personal injuries as set forth herein above

## VII. THIRD CAUSE OF ACTION: VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE

7.1 Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4.1 through 4.12.

7.2 The acts and omissions of defendants herein were performed under color of state law, custom or usage

THEODORE SPEARMAN, P.C.
Solarmarine Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington 98110
206-842-0566

7.3    Jasmine Marie Wells had federally-protected rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to remain in a public place of her choice and the right to move from one place to another, in order to shop and visit commercial businesses in downtown Seattle.

7.4    The acts and omissions of defendants herein proximately caused the deprivation of plaintiffs' Fourteenth Amendment rights.

7.5    As a proximate result of the acts and omissions of defendants and deprivation of their Fourteenth Amendment rights, plaintiffs Jasmine Marie Wells and Brian Walton suffered personal injuries as set forth herein above

### VIII. FOURTH CAUSE OF ACTION:
### VIOLATION OF THE FOURTEENTH AMENDMENT
### RIGHT TO PERSONAL SECURITY

8.1    Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4.1 through 4 12

8 2    The acts and omissions of defendants herein were performed under color of state law, custom or usage

8.3    Jasmine Marie Wells and Brian Walton had a federally-protected right, under the Fourteenth Amendment to the United States Constitution, to personal security

8 4    The acts and omissions of defendants herein proximately caused the deprivation of plaintiffs' Fourteenth Amendment rights.

8.5    As a proximate result of the acts and omissions of defendants and deprivation of their Fourteenth Amendment rights, plaintiffs Jasmine Marie Wells and Brian Walton suffered personal injuries as set forth herein above

### IX.    FIFTH CAUSE OF ACTION:
### MUNICIPAL LIABILITY OF THE CITY OF SEATTLE

9 1    Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4.1 through 4 12

9 2    At all times material to this compliant, defendant City of Seattle, by and through its policymaking officials had in effect certain explicit and *de facto* policies, practices and customs which were

COMPLAINT FOR DAMAGES - 6

THEODORE SPEARMAN, P.C.
Solarmarine Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington 98110
206-842-0566

applied to the treatment of civilians in downtown Seattle during the WTO anniversary meetings, including the arrest and detention of innocent civilians at Westlake Plaza area such as plaintiffs Jasmine Marie Wells and Brian Walton

9 3    For purposes of the incident described herein, it was the policy, custom and practice of the City of Seattle to arrest and detain the plaintiffs without probable cause in violation of their Fourth and Fourteenth Amendment rights as set forth herein above

9.4    It was further the policy of the City of Seattle, by and through policymaking officials to approve, acquiesce, condone and ratify the unreasonable seizure and detention of the plaintiffs in the incident described herein above, in violation of their Fourth and Fourteenth Amendment rights.

9 5    For purposes of liability for said policies, practices and/or customs, Gil Kerlikowske was the authorized policy-maker on police matters, and his decisions, explicit and *de facto*, were and are binding on defendant City of Seattle.

9 6    The policy, practice and custom of approving, acquiescing in, condoning and/or ratifying the unreasonable seizure and detention of the plaintiffs in the incident described herein, in violation of their Fourth and Fourteenth Amendment rights, was a deliberate choice by defendant City of Seattle, by and through its chief of police and/or others

9 7    These policies, practices and customs were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of the plaintiffs as set forth herein above.

9 8    The above-described policies, practices and customs of defendant City of Seattle proximately caused the deprivation of the Fourth and Fourteenth Amendment rights of the plaintiffs

9 9    As a proximate result of the above-described policies, practices and customs of defendant City of Seattle, and as a result of the deprivation of plaintiffs' Fourth and Fourteenth Amendment rights, plaintiffs suffered personal injuries as set forth herein above.

9.10    At all times material herein, defendant City of Seattle had a duty, under the United States Constitution, to properly supervise Seattle police officers.

9.11    At all times material herein, defendants City of Seattle had a duty, under the Fourth Amendment to the United States Constitution, to train Seattle police officers not to arrest and detain individuals without probable cause

THEODORE SPEARMAN, P.C.
Solarmarine Building Suite 208
755 Winslow Way East
Bainbridge Island, Washington 98110
206-842-0566

9.12    Defendants failed to properly supervise defendants John Doe and Richard Roe

9.13    Defendants failed to properly train defendants John Doe and Richard Roe

9.14    The above-described failures to supervise and to train were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of plaintiffs as set forth herein above

9.15    The above-described failures by defendants to properly supervise and to properly train John Doe and Richard Roe proximately caused the deprivation of the constitutional rights of plaintiffs as set forth herein above

9.16    As a proximate result of the failure of defendants to properly supervise and train, and as a result of the deprivation of plaintiffs' constitutional rights, plaintiffs suffered personal injuries as set forth herein above.

## X.    SIXTH CAUSE OF ACTION: ASSAULT AND BATTERY

10.1    Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4.1 through 4.12

10.2    Defendants assaulted and battered plaintiffs Jasmine Marie Wells and Brian Walton

10.3    Defendant City of Seattle is liable for the actions of the individual defendants under the doctrine of *respondeat superior.*

10.4    As a direct, proximate and foreseeable result of wrongful actions described herein above, plaintiffs have been damaged in an amount in excess of the minimum jurisdiction of this Court

## XI.    SEVENTH CAUSE OF ACTION: FALSE ARREST/FALSE IMPRISONMENT

11.1    Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4.1 through 4.12

11.2    Defendants arrested and imprisoned plaintiffs Jasmine Marie Wells and Brian Walton without probable cause

11.3    Defendant City of Seattle is liable for the actions of the individual defendants under the doctrine of *respondeat superior.*

COMPLAINT FOR DAMAGES - 8

11.4 As a direct, proximate and foreseeable result of wrongful actions described herein above, plaintiffs have been damaged in an amount in excess of the minimum jurisdiction of this Court.

## XII. SEVENTH CAUSE OF ACTION: MALICIOUS PROSECUTION

12.1 Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4.1 through 4.12.

12.2 Defendants maliciously charged plaintiffs Jasmine Marie Wells and Brian Walton with criminal offenses without probable cause.

12.3 Defendant City of Seattle is liable for the actions of the individual defendants under the doctrine of *respondeat superior*

12.4 As a direct, proximate and foreseeable result of wrongful actions described herein above, plaintiffs have been damaged in an amount in excess of the minimum jurisdiction of this Court

## XIII. PUNITIVE DAMAGES ALLEGATIONS

13.1 Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4.1 through 4.12.

13.2 The acts and omissions of defendants herein were motivated by wrongful motives or intent, or involved reckless or callous indifference to the constitutional rights of the plaintiffs as set forth herein above

13.3 Defendant City of Seattle should indemnify the individual defendants for any damages awarded against them at the trial of this action, including punitive damages

13.4 Defendant City of Seattle is responsible for the fault of the individual defendants because the individual defendants were acting as agents or servants of the City. Defendant City of Seattle is liable for all damages awarded against the individual defendants, including punitive damages. RCW 4.22.070(1)(a)

13.5 Because Jasmine Marie Wells and Brian Walton are fault-free plaintiffs, defendant City of Seattle is jointly and severally liable for all damages awarded, including punitive damages. RCW 4.22.070(1)(b)

/ /

COMPLAINT FOR DAMAGES - 9

**THEODORE SPEARMAN, P.C.**
Solarmarine Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington 98110
206-842-0566

## XIV. PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for relief as follows.

14.1 **Compensatory Damages:** The defendants should be required to pay compensatory damages in an amount to be proven at trial

14 2 **Punitive Damages:** The defendants should be required to pay punitive damages in an amount to be proven at trial pursuant to Title 42, United States Code, §1983; Title 42, United States Code, §1988, RCW 4 22.070(1)(a), and RCW 4 22.070(1)(b)

14 3 **Attorney's Fees:** The defendants should be required to pay the plaintiffs' reasonable attorney's fees and costs pursuant to Title 42, United States Code, §1988

14.4 **Other Relief:** The Court should grant the plaintiffs such other and further relief as the Court deems just and equitable

## JURY DEMAND

Plaintiffs demand trial by a jury of twelve (12) in this matter

DATED this 12th day of March, 2002.

THEODORE SPEARMAN, P C

By: _____
Theodore Spearman, WSBA #16695
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES - 10