1

2

3

_____ FILED  _____ ENTERED
_____ LODGED_____ RECEIVED

APR 18 2002   KN

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                          DEPUTY

4

CV 02-00601  #00000004

5

6

7

8

9           IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF SEATTLE
10                      AT  SEATTLE

11

JASMINE MARIE WELLS, on behalf
12  of herself and the class of women prisoners
of the King County Department of Adult
13  Detention, who she represents, and
BRIAN WALTON,

14
            Plaintiffs,
15        v

16  THE CITY OF SEATTLE,
a municipal corporation,
17  JOHN DOE, in his capacity as a
police officer for the City of Seattle,
18  and as an individual;
RICHARD ROE, in his capacity as a
19  police officer for the City of Seattle,
and as an individual;
20  KING COUNTY, a municipal corporation,
STEVE THOMPSON, Director of the
21  King County Department of Adult and
Juvenile Detention, in his official and
22  individual capacities, and
JIM ALLEN, Training Manager for the
23  King County Department of Adult and
Juvenile Detention, in his official and
24  individual capacities.

25            Defendants

26

**ORIGINAL**

No  CV02 0601P

FIRST AMENDED COMPLAINT FOR DAMAGES

JURY DEMANDED

**THEODORE SPEARMAN, P.C.**
Solarmarine Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington  98110
206-842-0566

FIRST AMENDED COMPLAINT FOR DAMAGES - 1

## I.    INTRODUCTION

This is a civil action seeking damages against the above-named defendants.  The civil claims against the City of Seattle and its employees and agents include common law tort causes of action, statutory causes of action, and offenses committed under color of law resulting in a deprivation of rights secured by the Constitution and laws of the United States of America

The civil rights claim against King County is based on an unreasonable and unlawful strip search, in violation of this Court's permanent injunction in *Grew v. King County* (U.S District Court W D  Wash #C-83-157-V) and in violation of the Fourth and Fourteenth Amendments to the U S  Constitution

## II.    JURISDICTION AND VENUE

2 1    **Jurisdiction.** This Court has personal and subject matter jurisdiction over plaintiff's federal civil rights claims under Title 42, United States Code, §1983, and Title 28, United States Code, §§1331 and 1343(a)(3)

2 2.    **Supplemental Jurisdiction**. This court has pendent jurisdiction over plaintiff's state law claims and over defendants as to said claims, pursuant to Title 28, United States Code, §1367 (Judicial Improvements Act of 1990), Public Law No. 101-650, 104 Stat. 5089 (1990).

2.3    **Venue**  This lawsuit and all claims herein involve events which occurred in King County, Washington  All defendants to this action are situated in King County, Washington and/or reside or are employed therein  Venue is properly within the Western District of Washington at Seattle   28 USC § 1391(b)  *See also* 28 USC § 128(b).

## III.    PARTIES

3.1    **Plaintiffs.** Plaintiffs Jasmine Marie Wells and Brian Walton are citizens of the United States and citizens and residents of the state of Alaska.

3 2    **Defendant City of Seattle.**  Defendant City of Seattle is a municipal corporation organized under the laws of the State of Washington.  Defendant City of Seattle is sued directly under 42 U.S.C. §1983 for the unconstitutional act, policies and practices and under the doctrine of *respondeat superior* as to the state law causes of action.

Defendant City of Seattle includes, as one of its agencies, the Seattle Police Department

THEODORE SPEARMAN, P.C.
Solarmarine Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington 98110
206-842-0566

3.3   **Defendants Doe and Roe.**   At all times material to this complaint, police officer defendants John Doe and Richard Roe, whose identities are not known, were employed by defendant City of Seattle with other unknown officers.   At all times material to this complaint, defendants John Doe and Richard Roe were agents and employees of defendant City of Seattle and were acting within the scope of their employment with the City of Seattle, under color of the laws of the State of Washington.   Defendants John Doe and Richard Roe are sued in their individual capacity and official capacity as agents and/or employees of defendant City of Seattle.

3.4   **Defendant King County**.   King County is a municipal corporation known as King County and as Metro King County, organized under the laws of the State of Washington

3.5   **Defendant Steve Thompson**   Steve Thompson is employed by defendant King County as the Director of the King County Department of Adult and Juvenile Detention   His job responsibilities include overall management of all correctional programs of King County, and Defendant Thompson has the ultimate responsibility for identifying and implementing training programs for King County Correctional officers, with respect to the lawful and constitutional performance of their custodial duties   He is sued in his individual and official capacities.

3 6   **Defendant Jim Allen**.   Jim Allen is employed by defendant King County   His job responsibilities include primary responsibility for identifying and implementing training programs for King County Correctional officers. He is sued in his individual and official capacities.

## IV.   FACTUAL ALLEGATIONS

4.1   Plaintiffs on November 27, 2000 flew to Seattle to engage in Christmas shopping and other reasons unrelated to the World Trade Organization (WTO) conference anniversary demonstrations   Prior to, and at the time of their arrival in Seattle, plaintiffs were unaware the WTO anniversary demonstrations were occurring.   Plaintiffs stayed in a motel away from downtown Seattle and did not come into the downtown area until the afternoon of November 30, 2000.

4 2   On November 30, 2000 plaintiffs traveled by public transportation through the bus tunnel to the Westlake Mall at approximately 4.30 in the afternoon. They went into the Westlake Mall and shopped for several hours, never venturing outside until later that evening, when they exited the Mall to go across Fifth Avenue to Nordstrom's department store to shop.   After shopping at Nordstrom's, they returned to the Westlake Mall until the Mall closed at 9:00 p m

**THEODORE SPEARMAN, P.C.**
Solarmarine Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington 98110
206-842-0566

4 3     At that time upon exiting the Mall, they saw what appeared to be a parade and lots of people in the street.  They thought it was festive and walked to a coffee shop nearby and had coffee watching what was occurring on the street   At approximately 9:30 p m. they left the coffee shop   Upon exiting the commercial establishment, they saw large numbers of police officers north of them on Fourth Avenue, to the east of where they had exited and to the south   As they walked on Fourth Avenue, they realized that large numbers of police officers were getting off of buses and began slamming their batons into their body armor

4.4     All of the police officers were closing in on the people caught in the middle and no one was allowed to exit the corralling that was occurring, although police were now, on loud speakers, telling the people to disperse, while they were making it impossible for the people to disperse

4 5     On November 30, 2000, defendant City sent officers of the Seattle Police Department, dressed in riot gear, to the Westlake Plaza area of Seattle   The officers were directed to arrest civilians in the Westlake Plaza area and did so without regard to whether they were demonstrators or innocent people.

4 6     As plaintiff Jasmine Marie Wells was walking on Fourth Avenue to find a music club, defendant John Doe seized and handcuffed her and took her into custody   Plaintiff Brian Walton was arrested and handcuffed by defendant Richard Roe, who took him into custody at the same time.

4.7     Plaintiffs were transported to the King County Jail and imprisoned there   Plaintiffs were released from the jail the next day only after they were able to post a bond.

4.8     Although lacking probable cause, the defendants charged plaintiffs with the criminal offenses of Pedestrian Interference in violation of RCW 12A.12 015 and Failure to Disperse in violation of RCW 12A.12.020.  These charges remained in force jeopardizing plaintiffs' freedom until they were resolved in plaintiffs' favor on February 27, 2001

4 9     Defendant City of Seattle failed to properly supervise defendants John Doe and Richard Roe

4.10    Defendant City of Seattle failed to train defendants John Doe and Richard Roe not to arrest and detain individuals without probable cause.

4 11    **Unlawful Strip Search at King County's Department of Corrections in Seattle**   Following plaintiff Well's arrest, she was transported by Seattle Police to the King County Department of Corrections in Seattle   She was booked for Pedestrian Interference and Failure to Disperse, non-violent misdemeanor offenses which involve neither weapons nor drugs and King County's agents in no way documented any suspicion that she was in possession of such items or any other contraband. Towards the conclusion of the booking process, she was directed to remove all of her clothes and

THEODORE SPEARMAN, P.C.
Solarmarine Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington 98110
206-842-0566

1   underclothes **and to move her legs apart** so female correctional officers could observe her before
2   plaintiff was permitted to put on jail issued clothing  At such time, the outer female genitalia and bare breasts
3   were visible  This was an unlawful "strip search" in violation of the Fourth and "Fourteenth Amendments to
    the U.S Constitution and in violation of the Stipulated Permanent Injunction in *Grew v. King County*,
4   #C83-157-V  This search was conducted without any individualized suspicion, without documentation of
5   the reasons for such a search, but in conformity with the pattern and practice of King County

6       4.12    **Failure to Train.** King County has failed to train its correctional staff at the King County
7   Jail in Seattle on the constitutional limits related to strip searches and the injunction in *Grew*  Defendants
    Thompson and Allen, as the officials charged with primary authority for training corrections officers, knew
8   or should have known of the clearly established law which limits strip searches, as well as the Stipulated
9   Permanent Injunction against King County which is consistent with clearly established law  Defendant King
10  County's and Thompson's and Allen's failure to train correctional staff and failure to continue to implement
    the stipulated injunction was done with deliberate indifference to, and callous disregard of, the rights of
11  female arrestees

12
13      4 13    As a result of the acts and omissions of defendants, plaintiff Jasmine Marie Wells suffered
    personal injuries including, but not limited to, loss of liberty, pain and suffering, emotional distress, fear and
14  other consequential damages

15      4.14    As a result of the acts and omissions of defendants, plaintiff Brian Walton suffered personal
16  injuries including, but not limited to, loss of liberty, emotional distress, fear and other consequential
17  damages.

18      4.15    Plaintiffs hereby waive the physician's-patient privilege ONLY to the extent required by
19  RCW 5.60.060, as limited by the plaintiffs' constitutional rights of privacy, contractual rights of privacy,
    and the ethical obligations of physicians and attorneys not to engage in *ex-parte* contact between the treating
20  physicians and the patients' legal adversaries.

21
22      4.16    Regarding their state law claims against the City of Seattle, plaintiffs have complied with the
    applicable non-claim requirements of RCW 4.96 020.
23

24
25                      **V.    CLASS ACTION ALLEGATIONS**
        5 1    **Class Action**  Plaintiff Wells also brings this case as a class action against King County on
26  behalf of the class defined as follows

**THEODORE SPEARMAN, P.C.**
Solarmarine Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington 98110
206-842 0566

> All female prisoners booked at the King County Jail and strip searched without individualized suspicion and documentation, and who were not arrested for violent crimes, i e. crimes that do meet the definition of RCW 9.94A 030(44) [previously RCW 9.94A.030(16)], or any of the following crimes  any offense involving burglary, the use of a deadly weapon, or a felony drug or controlled substance offense.

5 2    **Rule 23 Requirements Are Met.**  This class may properly be maintained as a class action pursuant to F.R.Civ P 23(b)(3).  This action also satisfies the requirements of numerosity, typicality, adequacy commonalty, predominance and superiority requirements of Rule 23.  The class is so numerous that individual joinder of all members is impracticable  The exact number of class members is unknown at present and can only be determined through discovery, but is estimated at 2000 class members per year.

5.3    **Common Questions.**  Common questions of fact and law prevail and predominate over questions as to individual class members.  The common factual and legal questions do not vary from class member to class member and may be determined without reference to individual class members   The common questions include the following

A       Whether King County has a custom or practice of "strip searching" females who meet the class definition, in violation of the Stipulated Permanent Injunction in *Grew* and in violation of the Fourth and Fourteenth Amendments?

B.      Whether King County has failed to train correctional staff with respect to clearly established law related to "strip searches" of non-violent prisoners where there is no adequate reason to believe that the individual possesses or conceals drugs or weapons, whether due to the nature and severity of the offense leading to the arrest of other individualized suspicion?

C       Whether King County has routinely subjected women to "strip searches" as defined in the Stipulated Permanent Injunction in *Grew v. King County*, without regard to the nature of the alleged offense at booking?

D.      Whether King County has "strip searched" non-violent arrestees, not suspected of having drugs or weapons on their persons, i e. without individualized suspicion?

E.      Whether King County has failed to document the reasons or justifications for "strip searches" in violation of *Grew*?

THEODORE SPEARMAN, P.C.
Solarmarine Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington 98110
206-842 0566

F     Whether King County has failed to train its correctional staff with respect to the requirements of the Stipulated Permanent Injunction in *Grew*?

5 4     **Typicality**. Plaintiff's claims are typical of those similarly situated arrestees booked at the King County Jail.

5.5     **Adequacy**. Plaintiff and her counsel will fairly and adequately protect the members of the class. Plaintiff's counsel has experience in the prosecution of class actions on behalf of jail inmates  This case will be vigorously prosecuted.

5 6     **Superiority**. A class action is a superior method for the fair and just adjudication of this controversy  Given the relatively small amount of damages that would likely be awarded to individual plaintiffs, and the difficult of litigation against governmental defendants, it is impractical for similarly situated plaintiffs to pursue separate lawsuits. Individualized litigation presents risk of varying, inconsistent or contradicting judgments, increases expense and delay, and imposes burdens on the courts  This case is readily manageable as a class action

# VI.   FIRST CAUSE OF ACTION:
## VIOLATION OF THE FOURTH AMENDMENT
### PROHIBITION AGAINST UNREASONABLE SEARCHES AND SEIZURES

6.1     Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4 1 through 4 14

6.2     The acts and omissions of defendants herein were performed under color of state law, custom or usage.

6.3     Jasmine Marie Wells and Brian Walton were seized, for purposes of the Fourth Amendment to the United States Constitution, by the acts and omissions of defendants set forth herein.

6.4     Jasmine Marie Wells and Brian Walton had a federally-protected right, under the Fourth Amendment, not to be subjected to an unreasonable search and seizure.

6.5     The acts and omissions of defendants herein proximately caused the deprivation of the Fourth Amendment rights of Jasmine Marie Wells and Brian Walton.

6.6     As a proximate result of the acts and omissions of defendants and deprivation of plaintiff's Fourth Amendment rights, plaintiffs suffered personal injuries as set forth herein above

THEODORE SPEARMAN, P.C.
Solarmarine Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington  98110
206-842-0566

## VII.  SECOND CAUSE OF ACTION:
## ARREST WITHOUT PROBABLE CAUSE
## IN VIOLATION OF THE FORTH AMENDMENT

7 1     Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4 1 through 4.14.

7.2     The acts and omissions of defendants herein were performed under color of state law, custom or usage.

7.3     Jasmine Marie Wells and Brian Walton were arrested, for purposes of the Fourth Amendment, when they were seized, handcuffed and taken into custody.

7 4     Jasmine Marie Wells and Brian Walton had a federally-protected right, under the Fourth Amendment, not to be arrested by defendants without probable cause.

7 5     The defendants lacked probable cause to arrest Jasmine Marie Wells and Brian Walton

7 6     The acts and omissions of defendants herein, and each of them, proximately caused the deprivation of Jasmine Marie Wells and Brian Walton's Fourth Amendment rights

7.7     As a proximate result of the acts and omissions of defendants and deprivation of her Fourth Amendment rights, plaintiffs Jasmine Marie Wells and Brian Walton suffered personal injuries as set forth herein above

## VIII.  THIRD CAUSE OF ACTION:
## VIOLATION OF THE FOURTEENTH AMENDMENT
## DUE PROCESS CLAUSE

8 1     Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4.1 through 4.14

8 2     The acts and omissions of defendants herein were performed under color of state law, custom or usage

8.3     Jasmine Marie Wells had federally-protected rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to remain in a public place of her choice and the right to move from one place to another, in order to shop and visit commercial businesses in downtown Seattle and to be free of violations of this Court's orders restrict the nature and circumstances of strip searches at the King County Jail

FIRST AMENDED COMPLAINT FOR DAMAGES - 8

THEODORE SPEARMAN, P.C.
Solarmarine Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington  98110
206-842-0566

8 4     The acts and omissions of defendants herein proximately caused the deprivation of plaintiffs' Fourteenth Amendment rights.

8.5     As a proximate result of the acts and omissions of defendants and deprivation of their Fourteenth Amendment rights, plaintiffs Jasmine Marie Wells and Brian Walton suffered personal injuries as set forth herein above

## IX.   FOURTH CAUSE OF ACTION:
## VIOLATION OF THE FOURTEENTH AMENDMENT
## RIGHT TO PERSONAL SECURITY

9 1     Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4.1 through 4.14.

9.2     The acts and omissions of defendants herein were performed under color of state law, custom or usage.

9 3     Jasmine Marie Wells and Brian Walton had a federally-protected right, under the Fourteenth Amendment to the United States Constitution, to personal security.

9.4     The acts and omissions of defendants herein proximately caused the deprivation of plaintiffs' Fourteenth Amendment rights

9 5     As a proximate result of the acts and omissions of defendants and deprivation of their Fourteenth Amendment rights, plaintiffs Jasmine Marie Wells and Brian Walton suffered personal injuries as set forth herein above

## X.   FIFTH CAUSE OF ACTION:
## MUNICIPAL LIABILITY OF THE CITY OF SEATTLE

10.1    Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4.1 through 4.14.

10.2    At all times material to this complaint, defendant City of Seattle, by and through its policymaking officials had in effect certain explicit and *de facto* policies, practices and customs which were applied to the treatment of civilians in downtown Seattle during the WTO anniversary meetings, including the arrest and detention of innocent civilians at Westlake Plaza area such as plaintiffs Jasmine Marie Wells and Brian Walton.

THEODORE SPEARMAN, P.C.
Solarmarine Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington  98110
206-842-0566

10.3    For purposes of the incident described herein, it was the policy, custom and practice of the City of Seattle to arrest and detain the plaintiffs without probable cause in violation of their Fourth and Fourteenth Amendment rights as set forth herein above.

10 4    It was further the policy of the City of Seattle, by and through policymaking officials to approve, acquiesce, condone and ratify the unreasonable seizure and detention of the plaintiffs in the incident described herein above, in violation of their Fourth and Fourteenth Amendment rights

10.5    For purposes of liability for said policies, practices and/or customs, Gil Kerlikowske was the authorized policy-maker on police matters, and his decisions, explicit and *de facto*, were and are binding on defendant City of Seattle.

10 6    The policy, practice and custom of approving, acquiescing in, condoning and/or ratifying the unreasonable seizure and detention of the plaintiffs in the incident described herein, in violation of their Fourth and Fourteenth Amendment rights, was a deliberate choice by defendant City of Seattle, by and through its chief of police and/or others.

10.7    These policies, practices and customs were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of the plaintiffs as set forth herein above

10.8    The above-described policies, practices and customs of defendant City of Seattle proximately caused the deprivation of the Fourth and Fourteenth Amendment rights of the plaintiffs

10.9    As a proximate result of the above-described policies, practices and customs of defendant City of Seattle, and as a result of the deprivation of plaintiffs' Fourth and Fourteenth Amendment rights, plaintiffs suffered personal injuries as set forth herein above

10.10   At all times material herein, defendant City of Seattle had a duty, under the United States Constitution, to properly supervise Seattle police officers.

10.11   At all times material herein, defendants City of Seattle had a duty, under the Fourth Amendment to the United States Constitution, to train Seattle police officers not to arrest and detain individuals without probable cause

10.12   Defendants failed to properly supervise defendants John Doe and Richard Roe.

10.13   Defendants failed to properly train defendants John Doe and Richard Roe

THEODORE SPEARMAN, P.C.
Solarmarine Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington  98110
206-842-0566

10 14  The above-described failures to supervise and to train were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of plaintiffs as set forth herein above

10.15  The above-described failures by defendants to properly supervise and to properly train John Doe and Richard Roe proximately caused the deprivation of the constitutional rights of plaintiffs as set forth herein above.

10 16  As a proximate result of the failure of defendants to properly supervise and train, and as a result of the deprivation of plaintiffs' constitutional rights, plaintiffs suffered personal injuries as set forth herein above.

## XI.   SIXTH CAUSE OF ACTION: ASSAULT AND BATTERY

11 1  Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4 1 through 4 14

11.2  Defendants assaulted and battered plaintiffs Jasmine Marie Wells and Brian Walton.

11.3  Defendant City of Seattle is liable for the actions of the individual defendants under the doctrine of *respondeat superior.*

11 4  As a direct, proximate and foreseeable result of wrongful actions described herein above, plaintiffs have been damaged in an amount in excess of the minimum jurisdiction of this Court

## XII.  SEVENTH CAUSE OF ACTION: FALSE ARREST/FALSE IMPRISONMENT

12 1  Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4 1 through 4.14.

12.2  Defendants arrested and imprisoned plaintiffs Jasmine Marie Wells and Brian Walton without probable cause.

12 3  Defendant City of Seattle is liable for the actions of the individual defendants under the doctrine of *respondeat superior.*

12 4  As a direct, proximate and foreseeable result of wrongful actions described herein above, plaintiffs have been damaged in an amount in excess of the minimum jurisdiction of this Court.

THEODORE SPEARMAN, P.C.
Solarmarine Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington  98110
206-842-0566

## XIII. SEVENTH CAUSE OF ACTION:
## MALICIOUS PROSECUTION

13.1    Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4 1 through 4.14.

13.2    Defendants maliciously charged plaintiffs Jasmine Marie Wells and Brian Walton with criminal offenses without probable cause.

13 3    Defendant City of Seattle is liable for the actions of the individual defendants under the doctrine of *respondeat superior.*

13 4    As a direct, proximate and foreseeable result of wrongful actions described herein above, plaintiffs have been damaged in an amount in excess of the minimum jurisdiction of this Court

## XIV. EIGHTH CAUSE OF ACTION:
## MUNICIPAL LIABILITY OF KING COUNTY, THOMPSON AND ALLEN

14.1    Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4 1 through 4.14.

14.2    Based on the factual allegations set forth in paragraphs 4 11 through 4 12 above, defendants King County, Thompson and Allen are liable for violation of plaintiff's Fourth and Fourteenth Amendment rights and in violation of 42 USC § 1983   Defendants are further liable for damages to the class which plaintiff represents.  Defendants Thompson and Allen are liable for punitive damages for reckless disregard of the rights of plaintiff Wells and the class members she represents, and for the disregard of the injunction in *Grew.*

## XV.   PUNITIVE DAMAGES ALLEGATIONS

15.1    Plaintiffs hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 4 1 through 4.14.

15.2    The acts and omissions of defendants herein were motivated by wrongful motives or intent, or involved reckless or callous indifference to the constitutional rights of the plaintiffs as set forth herein above.

15.3    Defendants City of Seattle and King County should indemnify the individual defendants for any damages awarded against them at the trial of this action, including punitive damages.

THEODORE SPEARMAN, P.C.
Solarmarine Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington  98110
206-842-0566

15.4    Defendant City of Seattle is responsible for the fault of the individual defendants because the individual defendants were acting as agents or servants of the City   Defendants City of Seattle and King County are liable for all damages awarded against the individual defendants, including punitive damages   RCW 4.22 070(1)(a).

15 5    Because Jasmine Marie Wells and Brian Walton are fault-free plaintiffs, defendant City of Seattle and King County are jointly and severally liable for all damages awarded, including punitive damages   RCW 4.22 070(1)(b)

## XVI. PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for relief as follows.

16.1    **Compensatory Damages:**  The defendants should be required to pay compensatory damages in an amount to be proven at trial

16 2    **Punitive Damages:**  The defendants should be required to pay punitive damages in an amount to be proven at trial pursuant to Title 42, United States Code, §1983, Title 42, United States Code, §1988; RCW 4.22 070(1)(a); and RCW 4.22 070(1)(b)

16.3    **Attorney's Fees:**  The defendants should be required to pay the plaintiffs' reasonable attorney's fees and costs pursuant to Title 42, United States Code, §1988

16 4    **Other Relief:**  The Court should grant the plaintiffs such other and further relief as the Court deems just and equitable

## JURY DEMAND

Plaintiffs demand trial by a jury of twelve (12) in this matter.

DATED this 17th day of April, 2002.

THEODORE SPEARMAN, P.C.

By:
Theodore Spearman, WSBA #16695
Attorney for Plaintiffs

LAW OFFICE OF FRED DIAMONDSTONE

By
Fred Diamondstone, WSBA #7138
Attorney for Plaintiffs

THEODORE SPEARMAN, P.C.
Solarmanne Building, Suite 208
755 Winslow Way East
Bainbridge Island, Washington 98110
206-842-0566